# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MLADEN PECANAC,

    Plaintiff,

v.

MERRICK GARLAND, et al.,

    Defendant(s).

Case No. 2:21-cv-01146-RFB-BNW

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Pecanac's Emergency Motion for Temporary Restraining Order. ECF No. 6 . For the following reasons, the Court denies the motion.

## II. PROCEDURAL BACKGROUND

On June 19, 2021, Plaintiff filed an amended complaint. ECF No. 3. On June 24, 2021, Plaintiff filed an emergency motion for temporary restraining order. ECF No. 6. This written order now follows.

## III. FACTUAL FINDINGS

The Court makes the following finding of fact. Plaintiff entered the United States through New York City from former Yugoslavia, modern-day Bosnia in 1997. Plaintiff moved to Idaho where he had family, and then moved to Nevada for work. Plaintiff was charged and convicted of sexual crimes while in Nevada and was consequently sentenced to life in prison with the possibility of parole. On April 24, 2001, Plaintiff was ordered removed from the United States to Serbia, or alternatively Bosnia-Herzegovina under Section 237(a)(2)(A)(i) and Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act for being convicted of a crime involving moral turpitude and

being convicted of an aggravated felony in relation to sexual abuse allegations. In June 2020, Governor Sisolak granted Plaintiff's parole and Plaintiff was released from prison into ICE custody on September 21, 2020. On March 2021, ICE conducted a custody determination interview and Plaintiff remained detained. On April 15, 2021, Plaintiff's counsel requested a Reasonable Fear Interview from USCIS because Plaintiff feared prosecution or torture if he were to be removed to Bosnia-Herzegovina. On May 12, 2021, an Immigration Judge denied Plaintiff's Motion to Reopen Due to Changed Circumstances. On May 26, 2021, an Immigration Judge denied Plaintiff's Motion to Stay Removal. On June 16, 2021, ICE confirmed that Plaintiff was scheduled for removal on the week of June 24, 2021. On June 24, 2021, ICE began the process of removing Plaintiff to Bosnia- Herzegovina.

### IV. LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the Petitioner is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a Petitioner must establish four elements: "(1) a likelihood of success on the merits, (2) that the Petitioner will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a Petitioner can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the Petitioner's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party if it finds that specific facts in a motion "clearly show" immediate irreparable harm and the movant's attorney certifies that efforts at notice have been made. Fed. R. Civ. P. 65.

## V. DISCUSSION

The Court denies Plaintiff's Emergency Motion for Temporary Restraining Order because it does not have jurisdiction. Federal courts lack jurisdiction to hear challenges inextricably linked to removal proceedings and to the extent that judicial review of this order is available, it is through petitions of review filed in the Court of Appeals for the Ninth Circuit, not through an action commenced in this court. 8 USC § 1252; 8 USC § 1252(b)(9); Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012); J.E.F.M. v. Lynch, 837 F.3d 1026, 1032 (9th Cir. 2016). This court does not have jurisdiction to consider Plaintiff's claims. The Court makes no statement about the merits of, or procedural defenses against, any petition for review that Plaintiff files with the court of appeals.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the Emergency Motion for Temporary Restraining Order (ECF No. 6) is DENIED.

**IT IS FURTHER ORDERED** that this action is dismissed for lack of jurisdiction. The clerk of the court shall enter judgment accordingly and close this action.

DATED: June 28, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**